IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:23-CV-00306-M-RN

| | |
|---|---|
| CHRISTIAN PROFFITT, | **MEMORANDUM OF LAW IN SUPPORT OF NCDPS'S MOTION TO DISMISS** |
| Plaintiff, | |
| v. | |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, | |
| Defendant. | |

NOW COMES Defendant, North Carolina Department of Public Safety ("NCDPS"), by and through undersigned counsel, and submits this memorandum in support of NCDPS's Motion to Dismiss. Plaintiff's Amended Complaint [D.E. 6] should be dismissed for lack of personal jurisdiction over NCDPS as a result of insufficient service of process and insufficient process.

## STATEMENT OF THE CASE

On June 8, 2023, Plaintiff, Christian Proffitt ("Plaintiff"), filed her initial Complaint alleging violations of the Americans With Disabilities Act. [D.E. 1] On August 11, 2023, the Court ordered Plaintiff to file an amended complaint within 14 days. [D.E. 5] On August 16, 2023, Plaintiff filed her Amended Complaint. [D.E. 6] On August 22, 2023, the Court issued its Order concluding that Plaintiff's lawsuit should be allowed to proceed. [D.E. 7] On August 8, 2023, the Court issued a Summons to NCDPS. [D.E. 8] On September 26, 2023, the U.S. Marshals Service filed a Process Receipt and Return containing the handwritten notation that the date of service upon NCDPS was "9/1/23," with an attachment reflecting the U.S. Post Office tracking information. [D.E. 10] On September 27, 2023, Plaintiff filed the Motion for Default Judgment ("Motion [11]"). [D.E. 11] On

September 29, 2023, Plaintiff filed a Certificate of Service indicating that she served her Motion [11] upon NCDPS, in the person of Ashby T. Ray, on September 28, 2023. [D.E. 12]

## STATEMENT OF FACTS

The Summons and Amended Complaint were never served upon NCDPS by the U.S. Marshals service. (Ray Decl. ¶6) NCDPS's Chief Deputy General Counsel, Ashby T. Ray ("Ray"), is the registered agent for service of process upon NCDPS. (Ray Decl. ¶¶3, 4) Ray is listed as such on the website of the North Carolina Department of Justice. (Ray Decl. ¶5) He first became aware of this matter on October 2, 2023 when he received the Motion [11] directly from Plaintiff via certified mail. (Ray Decl. ¶7) The Amended Complaint is attached to the Motion [11], but the Summons is not. [D.E. 11 through D.E. 11-27] After receiving the Motion [11] on October 2, 2023, Ray undertook to find out whether anyone in the Office of General Counsel signed for and/or received any materials related to this matter prior to October 2, 2023. (Ray Decl. ¶8) As a result of his investigation, Ray determined that no one in the Office of General Counsel had received, by any method, materials related to this matter prior to October 2, 2023. (Ray Decl. ¶9) The first time Ray or anyone at the Office of General Counsel became aware of this case was when Ray signed for the certified mail from Plaintiff on October 2, 2023. (Ray Decl. ¶10)

The Process Receipt and Return filed by the U.S. Marshals Service contained an attachment reflecting the U.S. Post Office tracking information. [D.E. 10, pp. 2-3] The final status update on the tracking information reads, "Your item has been delivered to an agent for final delivery in RALEIGH, NC 27606 on September 1, 2023 at 10:52 am." [D.E. 10, p. 2] As of October 19, 2023, the final status update on the tracking information continued to read, "Your item has been delivered to an agent for final delivery in RALEIGH, NC 27606 on September 1, 2023 at 10:52 am." (Ray Decl. ¶11, Ex. 1.A.)

The physical address of NCDPS's Office of General Counsel is 512 N. Salisbury Street, Raleigh, NC 27604. (Ray Decl. ¶12) The zip code for the Office of General Counsel's Mail Service Center address is 27699. (Ray Decl. ¶13) The Amended Complaint and the Process Receipt and Return contains the Office of General Counsel's physical address, but the zip code for the Mail Service Center address. [D.E. 6, p. 2 and D.E. 10, p. 1] The physical address of the Mail Service Center, according to the N.C. Department of Administration ("NCDOA") website, is 309 Chapanoke Road, Raleigh, NC 27603.[1]

## ARGUMENT

Plaintiff's Amended Complaint should be dismissed pursuant to Rules 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction over NCDPS as a result of insufficient service of process and insufficient process. First, NCDPS simply was never served with the Summons and Amended Complaint by the U.S. Marshals service. Second, when Plaintiff, herself, served NCDPS via certified mail on October 2, 2023 with her Motion [11] (presumably believing that NCDPS previously had been served with process in this lawsuit), it was the first time that NCDPS became aware of this lawsuit, and Plaintiff's Motion [11] did not contain, as an attachment, the Summons in this matter.

1. **Plaintiff's Amended Complaint Should Be Dismissed Pursuant To Rule 12(b)(2) And (5) Because NCDPS Was Never Served With The Summons And Amended Complaint By The U.S. Marshals Service.**

Without effective service of process, a court has not obtained personal jurisdiction over a defendant. *Allen v. City of Raleigh Police Department*, No. 5:21-CV-471-M, 2023 WL 2445412, *4 (E.D.N.C. Jan. 9, 2023). In that event, dismissal pursuant to Rules 12(b)(2) and (5) is warranted. *Id.*

---

[1] This Court may take judicial notice of NCDOA's physical address as it is official government information that is publicly available on NCDOA's website. *Hall v. Virginia*, 385 F.3d 421, 424 & n.3 (4th Cir. 2004); *see also* Fed. R. Evid. 201.

"A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants." *Saimplice v. Ocwen Loan Servicing Inc.*, 368 F.Supp.3d 858, 865 (E.D.N.C. 2019); *see also Diede v. UNC Healthcare*, No. 5:16-CV-788-BR, 2018 WL 3448219, at *1 (E.D.N.C. July 17, 2018) ("When a defendant challenges the court's jurisdiction under Rule 12(b)(2), 'the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge.'" (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009))). "Failure to properly serve a defendant prevents a court from obtaining personal jurisdiction over the defendant and entitles the defendant to dismissal under Rule 12(b)(2)." *Fordham v. Doe*, No. 4:11-CV-32-D, 2011 WL 5024352, at *3 (E.D.N.C. Oct. 20, 2011) (first citing *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); and then citing *Thomas v. Green Point Mortg. Funding*, No. 5:10-CV-365-D, 2011 WL 2457835, at *1 (E.D.N.C. June 16, 2011)). While technical requirements of service may be construed liberally, *Diede*, 2018 WL 3448219, at *1 (citing *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003)), "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored," *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

NCDPS's Chief Deputy General Counsel, Ashby T. Ray ("Ray"), is the registered agent for service of process upon NCDPS. (Ray Decl. ¶¶3, 4) Ray is listed as such on the website of the North Carolina Department of Justice. (Ray Decl. ¶5) Nonetheless, the Summons and Amended Complaint were never served upon NCDPS by the U.S. Marshals service. (Ray Decl. ¶6) Indeed, Ray first became aware of this matter on October 2, 2023 when he received the Motion [11] directly from Plaintiff via certified mail. (Ray Decl. ¶7)

After receiving the Motion [11] on October 2, 2023, Ray undertook to find out whether anyone in the Office of General Counsel signed for and/or received any materials related to this matter

4

prior to October 2, 2023. (Ray Decl. ¶8) As a result of his investigation, Ray determined that no one in the Office of General Counsel had received, by any method, materials related to this matter prior to October 2, 2023. (Ray Decl. ¶9) In sum, the first time Ray or anyone at the Office of General Counsel became aware of this case was when Ray signed for the certified mail from Plaintiff on October 2, 2023. (Ray Decl. ¶10)

This is actually borne out by the U.S. Post Office tracking information, as well. The Process Receipt and Return filed by the U.S. Marshals service contained an attachment reflecting such tracking information. [D.E. 10, pp. 2-3] The final status update on the tracking information simply reads, "Your item has been delivered to an agent for final delivery in RALEIGH, NC 27606 on September 1, 2023 at 10:52 am." [D.E. 10, p. 2] Notably, as of October 19, 2023, the final status update on the tracking information continued to read, "Your item has been delivered to an agent for final delivery in RALEIGH, NC 27606 on September 1, 2023 at 10:52 am." (Ray Decl. ¶11, Ex. 1.A.)

As such, the final tracking information remains surprisingly imprecise in that it fails to specify the "agent" to whom the item was delivered. A careful review of the remainder of the tracking information, however, reveals that the "agent"—whoever that might be—could not have been anyone at NCDPS. The tracking information declares that the "agent" is located in "RALEIGH, NC 27606." That zip code, **27606**, does not match any zip code associated with NCDPS's Office of General Counsel. The physical address of NCDPS's Office of General Counsel is 512 N. Salisbury Street, Raleigh, NC **27604**. (Ray Decl. ¶12) The zip code for the Office of General Counsel's Mail Service Center address is **27699**. (Ray Decl. ¶13) Finally, the physical address of the Mail Service Center, itself, according to the NCDOA website, is 309 Chapanoke Road, Raleigh, NC **27603**.

*Pro se* plaintiffs bear the responsibility of providing the correct information to the U.S.

Marshals service to effect service of process. *See Scott v. Md. Dep't of Labor*, 673, F. App'x. 299, 306 (4th Cir. 2016) (per curiam) (citing *Armco*, 733 F.2d at 1089, to support holding that pro se plaintiff's failure to provide information for the United States Marshals Service to effect proper service was not a mere technicality and that failure to enforce Rule 4 "would eviscerate the clear requirements" of the rule). In that regard, Plaintiff's Amended Complaint and the Process Receipt and Return contain the Office of General Counsel's physical address, but the zip code for the Mail Service Center address, **27699**. [D.E. 6, p. 2 and D.E. 10, p. 1] Accordingly, Plaintiff provided the U.S. Marshals service with the incorrect address for NCDPS.

Therefore, Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(5) and, by extension, Rule 12(b)(2).

> **2. Plaintiff's Amended Complaint Should Be Dismissed Pursuant To Rule 12(b)(2) And (4) Because, When Plaintiff Served NCDPS Via Certified Mail With Her Motion [11], The Motion [11] Did Not Contain The Summons.**

Even if it can be construed that Plaintiff's service by certified mail of her Motion [11]—which contained the Amended Complaint as an attachment—could be considered Rule 4 service of the Amended Complaint, Plaintiff's Amended Complaint should still be dismissed. For proper service of a lawsuit pursuant to Rule 4 of the Federal Rules of Civil Procedure, the defendant must be served with both the summons and the complaint. Fed. R. Civ. P. 4(c)(1). Here, while Plaintiff's Motion [11] included the Amended Complaint as an attachment, it did not also include the Summons. [D.E. 11 through D.E. 11-27] Thus, Plaintiff's service by certified mail of her Motion [11], even with the Amended Complaint attached, cannot somehow be construed as sufficient process under Rule 12(b)(4). Therefore, Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(4) and, by extension, Rule 12(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint [D.E. 6] should be dismissed pursuant to Rule 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure.

This is the 22nd day of October, 2023.

> JOSHUA H. STEIN
> Attorney General
>
> /s/ James B. Trachtman
> James B. Trachtman
> Special Deputy Attorney General
> N.C. State Bar No. 22360
> N.C. Department of Justice
> Public Safety Section
> Post Office Box 629
> Raleigh, North Carolina 27602-0629
> Telephone: (919) 716-6943
> Facsimile: (919) 716-6761
> E-Mail: jtrachtman@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the above date, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF NCDPS'S MOTION TO DISMISS** with the Clerk of the Court utilizing the CM/ECF system and, on the date below, have caused to be served said document upon the Plaintiff, a non-CM/ECF participant via United States Mail, first-class, postage prepaid addressed as follows:

Christian Proffitt
1533 Ellis Road
B206
Durham, NC 27703

This the  23rd  day of October, 2023.

> /s/ James B. Trachtman
> James B. Trachtman
> Special Deputy Attorney General