IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00306-M-RN

CHRISTIAN PROFFITT,

    Plaintiff,

vs.

NORTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY,

    Defendant

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

FILED
OCT 25 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

## INTRODUCTION

NOW COMES Plaintiff, Christian Proffitt, proceeding Pro Se, who hereby submits this memorandum in support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss All Claims [D.E. 14]. I contend that my Amended Complaint [D.E. 6] should not be dismissed for insufficient process, insufficient service of process, nor lack of personal jurisdiction over the Defendant, North Carolina Department of Public Safety ("NCDPS"), due to any improper service being attributable, at least in part, to the U.S. Marshals Service, my prompt correction of service, and the contention that there is still time to conduct proper service on the Defendant per Rule 4(m).

## STATEMENT OF FACTS

The Defendant contends that NCDPS's assigned Process Agent, Ashby T. Ray ("Ray"), first became aware of this matter on October 2, 2023, after receiving the Motion for Default Judgment [D.E. 11] that was mailed via certified mail, return receipt requested, by me directly. The Defendant also contends that their lack of awareness was due to insufficient service of process and insufficient process of the Amended Complaint [D.E. 6] and Summons [D.E. 8] on my part. The Defendant provides the following as the basis of their argument:

1

1. An investigation conducted by Ray revealed that, purportedly, no one in the office received any materials related to this case prior to October 2, 2023,

2. A mismatch of zip codes between the original Summons [D.E. 8], USPS tracking information [D.E. 10], and the Defendant's purported physical address,

3. The USPS tracking information filed by the U.S. Marshal Service is imprecise [D.E. 10], and

4. That the Motion for Default Judgment [D.E. 11] did not contain the Summons [D.E. 8].

## ARGUMENT

For the purposes of argument and without conceding the validity of Defendant's assertions, the arguments set forth in this section proceed under the assumption that the Defendant's claims are accurate.

The Amended Complaint [D.E. 6], filed on August 16th, 2023, should not be dismissed for lack of personal jurisdiction over NCDPS due to there still being ample time to conduct proper service on the Defendant, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. This rule allows a Plaintiff 90 days from the date on which a complaint is filed to perfect service on a Defendant. The deadline to do so in this matter is November 14th, 2023. In the event that Rule 4(m) applicability is interpreted solely in reference to original complaints and does not apply to amended complaints, including those that have been court-ordered, (such as in this case), a Motion for Extension of Time to Serve Defendant will be filed concurrent to this Memorandum.

### I. Validity of Defendant's Internal Investigation

The Defendant claims, based on an 'investigation conducted by Ray,' that no one in their office received any materials related to this case prior to October 2, 2023. However, this assertion

2

lacks substantiative evidence. Ray's investigation has not proven to be either thorough or impartial, and no details have been provided about the methodology of this investigation, the number of employees interviewed, or the steps taken to ensure the completeness of this inquiry. I contend that the findings of this investigation alone are not sufficient to support the claims of lack of personal jurisdiction by way of insufficient service or insufficient service of process.

## II. Zip Code and Address Discrepancy

The Defendant contends that the zip code listed on the Summons is not the correct zip code for the Defendant's physical address, that of which is used on the Summons [D.E. 8], but is the correct zip code for the Defendant's mailing address. I acknowledge the Defendant's concerns regarding the listing of an incorrect zip code on the Summons [D.E. 8]. However, the United States Postal Service ("USPS") is known to auto-correct deficiencies in mailing addresses in relation to zip codes, so long as the rest of the address is correct. When the address that is listed on the original Summons is entered into USPS's 'Look Up a Zip Code' tool, USPS presents the correct address with the corrected zip code, as listed on the NC Department of Justice's (NC DOJ) website for NCDPS's assigned Process Agent. *See Exhibits A - C.*

The Defendant also contends that the wrong address was listed on the Summons [D.E. 8] altogether and that the physical address for the Process Agent is that of 309 Chapanoke Road, Raleigh, NC, 27603, per the NC Department of Administration's ("NCDOA") website. Regardless of the merit behind the claim that the provided address is listed on the NCDOA website, Pro Se litigants are afforded limited resources when pursuing a lawsuit and must often rely on the most readily available resources at their disposal. When performing a Google search for the Process Agent assigned to NCDPS, the very first result that is returned is the Process Agent Directory offered by the North Carolina Department of Justice's ("NCDOJ") website. Upon reviewing the

3

NCDOJ's Process Agent Directory, there are two addresses listed for serving on the Defendant – none of which is the address of 309 Chapanoke Road. The address used on the original Summons [D.E. 8], however, is listed as one of the addresses appropriate for service on the Defendant – barring the incorrect zip code. *See Exhibit A*. Additionally, use of the Process Agent Directory provided by NCDOJ is the resource that is commonly used in identifying process agents for service on state agencies, such as the Defendant. "In turn, North Carolina Rule of Civil Procedure 4(j)(4) provides that service may be made upon a state agency by delivery of process to that agency's designated process agent or, absent designation of an agent, to the Attorney General of North Carolina. The North Carolina Department of Justice's process agent directory can be accessed at http://www.ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx." *Thompson v. Hanson*, No. 4:13-CV-194-BR, at *2 (E.D.N.C. Nov. 7, 2014).

### III.   Limitations of USPS Tracking

The Defendant contends that the USPS tracking submitted, as filed by the U.S. Marshals Service, is imprecise and that it shows "delivered" to an unspecified agent at a zip code that does not align with any addresses associated with NCDPS's Office of General Counsel. I acknowledge that the USPS tracking does not sufficiently prove proper service. This contention, however, could have been mitigated by the signature supplied on the return receipt, had the return receipt been properly requested and received. However, this was not the case due to no fault of my own. The Defendant contends that they were never served with the original Summons [D.E. 8] nor the Amended Complaint [D.E. 6] by the U.S. Marshals Service. However, as a Pro Se Plaintiff proceeding in forma pauperis, I acted in good faith and followed court orders to have the U.S. Marshals Service effectuate service. Any failure in the execution of service regarding the request for a return receipt, as required for proper service, or any other deficiency in service of process

4

attributable to the U.S. Marshals Service, should not prejudice my case. *Hembree v. Branch*, No. 3:17-cv-485-FDW (W.D.N.C. Nov. 5, 2018); *see also Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize an in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process).

Although the U.S. Marshals Service ultimately served the summons to an address that is apparently not consistent with the address provided on the summons, I was entitled to rely on the Marshal to serve the Defendant at the address indicated on the summons; in spite of the incorrect zip code that could reasonably be expected to be corrected by USPS. *See* 28 U.S.C. § 1915(c); *see also Sellers v. United States,* 902 F.2d 598, 602 (7th Cir. 1990) (stating that the Marshal's failure to effect service of process for an in forma pauperis plaintiff is "automatically good cause" within Rule 4(j)). Therefore, even if the 90-day window prescribed in Rule 4(m) is not from the day of the Amended Complaint, this rule still permits an extension of time to perfect service on the Defendant by order of the Court for good cause. I contend that the deficiencies caused by the U.S. Marshals Service in the serving of the Amended Complaint [D.E 6] support my claims of good cause.

### IV. Absence of Summons in Motion for Default Judgement

The Defendant contends that the Motion for Default Judgment [D.E. 11] did not contain the original Summons [D.E. 8] as an attachment. This was not done maliciously nor negligently, but with the understanding that initial service had been properly carried out by the U.S. Marshals Service. In addition to this, a Motion to Withdraw the Motion for Default Judgment has been filed alongside this Motion due to the concerns regarding service of process raised by the Defendant.

### V. Correction of Deficiencies

5

To rectify any service of process issues, I have submitted to the Clerk of Court an amended Summons that has been specifically addressed to both NCDPS and Ashby T. Ray, and includes the Defendant's mailing address of 4201 Mail Service Center, Raleigh, NC, 27699, as opposed to their physical address – despite both addresses being listed as viable options for service on the NC DOJ website. *See Exhibit A.* The amended Summons was signed, sealed, and dated for October 23, 2023 by the Clerk of Court. To mitigate any potential questions of its validity, a Motion for Permission to Amend Summons will be filed concurrently with this Memorandum.

On October 24, 2023, I sent via certified mail, return receipt requested, the amended Summons, the Amended Complaint [D.E. 6], the Financial Disclosure Statement [D.E. 3], and the Order signed by Honorable Robert T. Numbers III, dated August 22nd, 2023 [D.E. 7], to Ashby T. Ray, the process agent for NCDPS in compliance with Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure. Additionally, a copy of these materials has been sent to the attorney who has Appeared on behalf of NCDPS, James B. Trachtman, via certified mail, return receipt requested, on the same date. *See Exhibits D-F.* These deficiencies are no longer at issue now that service of process will be properly performed; and because it is rectifiable, a dismissal of the Amended Complaint is not appropriate. "However, dismissal for improper service of process "is not justified where it appears that service can be properly made." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (internal quotation marks and citations omitted)." *Bali Motors, Inc. v. Mesa Underwriters Specialty Ins. Co.*, No. 5:17-CV-462-BR, at *2 (E.D.N.C. Feb. 9, 2018)

## CONCLUSION

In light of the foregoing, I contend that I have acted in good faith in attempting to serve the Defendant properly and in compliance with court orders, and that any deficiency in service of process should be excused for good cause. The Defendant's claims of insufficient service,

6

insufficient service of process, and lack of personal jurisdiction does not warrant the extreme action of dismissing the case at this early stage; especially when there remains ample time for proper service to be conducted pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Furthermore, I have taken proactive steps to rectify any ambiguities or errors related to the service of process, including submitting an amended Summons with the corrected address and withdrawing the Motion for Default Judgment in response to the Defendant's concerns. I believe that I have demonstrated a willingness and intention to adhere to procedural requirements and correct any inadvertent errors that may have occurred both within my control and beyond my control.

For these reasons, I respectfully request that this Court deny the Defendant's Motion to Dismiss and allow for the continuation of this case to ensure that justice is served.

Dated: October 25, 2023

Christian Proffitt
Plaintiff (Pro Se)
1533 Ellis Rd
B206
Durham, NC 27703

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00306-M-RN

| CHRISTIAN PROFFITT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, | ) | |
| Defendant | ) | |

I hereby certify that on October 25, 2023, a copy of **MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was served upon the following person(s) by **CM/ECF**:

James B. Trachtman
N.C. Department of Justice
Public Safety Section
Post Office Box 629
Raleigh, North Carolina 27602-0629

Dated: October 25, 2023

Christian Proffitt
Plaintiff (Pro Se)
1533 Ellis Rd
B206
Durham, NC 27703