IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00306-M

**Christian Proffitt**,

        Plaintiff,

v.

**North Carolina Department of Public Safety**,

        Defendant.

**Order &
Memorandum & Recommendation**

      The North Carolina Department of Public Safety asks the court to dismiss Christian Proffitt's Amended Complaint because of service-of-process-related issues. In response, Proffitt asked for more time to serve NCDPS. She then obtained a new summons from the Clerk of Court and served NCDPS's process agent by certified mail. Although Proffitt's original attempt at service did not comply with the Federal Rules, it appears her later attempt did. Thus her motion for additional time to serve NCDPS is moot and the District Court should deny NCDPS's motion.

**I.    Background**

      Christian Proffitt, proceeding pro se, filed suit against the NCDPS (her former employer) for several alleged violations of the Americans with Disabilities Act. *See* Proposed Compl. at 2, D.E. 1. The court granted Proffitt's request to proceed without paying the fees associated with litigation but ordered her to file an amended complaint with additional facts that supported her claims. Order, D.E. 5. Proffitt filed a proposed amended complaint detailing her claims. *See* Am. Compl., D.E. 6.

      The court allowed her lawsuit to proceed. Order, D.E. 7; *see* 28 U.S.C. § 1915(e). It directed the Clerk to file the proposed amended complaint (D.E. 6), issue a summons for NCDPS

that Proffitt submitted (D.E. 1–2), and forward those documents to the United States Marshal for service. D.E. 7.

The next month, Proffitt moved for default judgment. Mot. for Default J., D.E. 11. She asserted that NCDPS had failed to respond to the Amended Complaint. *Id.* Proffitt served her motion on NCDPS by certified mail. D.E. 12.

NCDPS then moved to dismiss the Amended Complaint. Mot. to Dismiss, D.E. 14. It alleges that it never received the Summons and Amended Complaint. *Id.* Instead, it says it only learned of the lawsuit when it received Proffitt's Motion for Default Judgment by certified mail. *Id.* Proffitt argues that she relied on the Marshals Service to effect service and promptly attempted to correct the service issues. Resp. in Opp., D.E. 18.

After NCDPS filed its motion, Proffitt withdrew her Motion for Default Judgment (D.E. 20); asked the court for additional time to serve the agency (D.E. 22); received a new, properly addressed summons for NCDPS (D.E. 21); and served that document on its process agent by certified mail (D.E. 24).

## II. Discussion

### A. Nature of NCDPS's Motion

NCDPS's motion invokes three separate provisions of the Federal Rules of Civil Procedure. To begin with, it mentions Rule 12(b)(2), which allows a party to move to dismiss a claim because of a lack of personal jurisdiction. Next, it refers to Rule 12(b)(4), which allows for a motion to dismiss based on insufficient process. And finally, it invokes Rule 12(b)(5), dealing with improper service of process, as a basis to dismiss this action.

These provisions are related but distinct. And only one of them—Rule 12(b)(5)—applies here. That rule "is the proper vehicle for challenging the mode of delivery or the lack of delivery

2

of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 1353 (3d ed. 2004) (footnote omitted).

Rule 12(b)(4) on the other hand, "concerns the form of the process rather than the manner or method of its service." *Id.* So that rule may be invoked to "challenge noncompliance with the provisions of Rule 4(b) or any applicable provision Incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.*

And while a motion under Rule 12(b)(4) and 12(b)(5) both implicate a court's personal jurisdiction over a defendant, the question presented under Rule 12(b)(2) is different from the questions presented by the other motions. The latter rule should be used to challenge "the actual existence of personal jurisdiction" given a defendant's connection with the forum state. *Id.* The former rules only deal with "the means by which a federal court gives notice to the defendant and asserts jurisdiction over him[.]" *Id.*

Given those distinctions, NCDPS's motion only implicates Rule 12(b)(5). It challenges the manner in which Proffitt tried to serve the agency. Its arguments do not challenge the contents of the Summons or the agency's contacts with North Carolina. Instead, it addresses issues related to service. *See* Fed. R. Civ. P. 4(c) (addressing the general requirements of service of process including the requirement that "[a] summons must be served with a copy of the complaint.") & 4(j)(2) (discussing requirements for service of process on a state government). So the undersigned will only address whether NCDPS is entitled to relief under Rule 12(b)(5).[1]

B.  **Motion to Dismiss for Improper Service of Process**

The Federal Rules of Civil Procedure allow a party to seek dismissal of a claim if there has been insufficient service of process. Fed. R. Civ. P. 12(b)(5). Such a motion implicates the court's

---

[1] But the recommended outcome here would be no different if the court considered the other grounds raised in NCDPS's motion.

jurisdiction over the moving party because "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Once a party claims they have been improperly served, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara* v. *Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006).

To meet that burden, the plaintiff must show that they have done several things. To begin with, the plaintiff must have served the summons along "with a copy of the complaint[.]" Fed. R. Civ. P. 4(c)(1). Next, the plaintiff must show that those documents were served by someone "who is at least 18 years old and not a party" to the action. *Id.* Rule 4(c)(2). And finally the plaintiff must establish that the service occurred in the appropriate manner depending on the type of defendant named in the complaint. *Id.* Rule 4(e)-(j).

Since Proffitt has sued the North Carolina Department of Public Safety, Rule 4(j) of the Federal Rules of Civil Procedure governs service of process. That rule explicitly provides for service on "[a] state . . . or any other state-created governmental organization" by "delivering a copy of the summons and of the complaint to its chief executive officer[.]" Fed. R. Civ. P. 4(j)(2) & (j)(2)(B).

Rule 4(j) also incorporates the methods of service of process under state law. *Id.* Rule 4(j)(2)(A). North Carolina law allows service on state agencies in three ways. First, "by personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency[.]" N.C. Gen. Stat. § 1A-4, Rule 4(j)(4)(a). Second, "by mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to such process agent[.]" *Id.* And third, "by depositing with a designated delivery service authorized pursuant to

4

26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt." *Id.*

The Attorney General of North Carolina maintains a list of the process agents for various state agencies. That list provides the following information about NCDPS's process agent:

> Ashby T. Ray
> Chief Deputy General Counsel
> Archdale Building, 14th Floor
> 512 N. Salisbury Street
> Raleigh, NC 27604–1159
>
> 4201 Mail Service Center
> Raleigh, NC 27699–4201

N.C. Dep't of Just., *Process Agent Directory*, https://ncdoj.gov/legal-services/legal-resources/process-agent-directory/ (last visited Dec. 13, 2023).

The record establishes that Proffitt did not properly serve NCDPS. In support of its motion, the agency included an affidavit from its process agent, Ashby T. Ray. D.E. 15–2 ¶¶ 3, 4. Ray claims he was not served with the Amended Complaint and Summons and only learned of this case when he received Proffitt's motion for default judgment. *Id.* ¶¶ 6, 7. Ray later learned that no one in NCDPS's Office of General Counsel received the Amended Complaint and Summons before Proffitt served her default judgment motion. *Id.* ¶ 8. Proffitt has not rebutted this evidence, so the undersigned concludes that she did not properly serve NCDPS.

But just because NCDPS was not properly served does not mean that it is entitled to be dismissed from this case. In cases such as this where a defendant has actual notice of the suit despite imperfect service, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc.* v. *Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "But the rules are there to be followed, and plain requirements for the

5

means of effecting service of process may not be ignored." *Id.* And this is true even though Proffitt is not represented by an attorney. *Brinson* v. *Fred Smith Co.*, No. 5:22-CV-197-D, 2023 WL 2614539, at *3 (E.D.N.C. Mar. 23, 2023).

Ultimately, the court has discretion whether to dismiss the action or allow Proffitt another chance to properly serve the defendants. *See Scott* v. *Md. State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016*); Cellular Sales of Knoxville, Inc.* v. *Chapman*, No. 1:19CV768, 2020 WL 32992, at *3 (M.D.N.C. Jan. 2, 2020). In considering how the court should exercise this discretion, the undersigned is aware that pro se parties such as Proffitt receive substantial leeway from courts given their lack of legal training and the other challenges of self-representation. And despite the lack of proper service, NCDPS has fully participated in this action. So it is not as if the improper service has caused confusion or otherwise prejudiced NCDPS's rights.

What's more, it appears that since NCDPS filed its motion, Proffitt properly served the agency. A few days after NCDPS filed its motion, the Clerk of Court issued another summons to Proffitt. D.E. 21. That document contained the name and address of NCDPS's process agent. The docket contains a Proof of Service and related documents stating that Proffitt sent Ray a copy of the summons by certified mail. D.E. 24 at 1. And Proffitt's response to NCDPS's motion states that all the necessary documents for proper service were sent to Ray. Resp. in Opp. at 2. A return receipt included with the Proof of Service shows that Ray signed for the package on October 30, 2023. D.E. 24–1 at 1.

Given that NCDPS appears to have been properly served, it would be inappropriate to dismiss Proffitt's action for improper service of process. So the District Court should deny NCDPS's motion.

### C. Motion for Additional Time

In response to NCDPS's motion, Proffitt requested more time to properly serve the agency. D.E. 22. Generally, the Federal Rules give a party 90 days after a complaint's filing to complete service. Fed. R. Civ. P. 4(m). The court allowed Proffitt's Amended Complaint to proceed and required the Clerk of Court to issue a summons in late August 2023. Aug. 22, 2023 Order, D.E. 7. Thus Proffitt had until late November 2023 to effect service. It appears that proper service occurred at the end of October 2023. In light of that development, there is no need for the court to extend the time for service. This motion is denied as moot.

## III. Conclusion

For the reasons set forth above, the court denies the motion for an extension of time to complete service (D.E. 22) as moot. And given that it appears proper service of process has occurred, the undersigned recommends that the court deny NCDPS's Motion to Dismiss. D.E. 14.

The Clerk of Court must serve a copy of this Memorandum and Recommendation (M&R) on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: January 3, 2024.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE