IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00306-M-RN

| | |
|---|---|
| CHRISTIAN PROFFITT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **MEMORANDUM OF LAW** ) **SUPPORTING PLAINTIFF'S MOTION** |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, | ) **TO COMPEL REQUESTS FOR** ) **PRODUCTION** |
| Defendant | ) ) |

## INTRODUCTION

Plaintiff, Christian Proffitt, proceeding pro se, respectfully submits this memorandum in support of her motion to compel Defendant, North Carolina Department of Public Safety, to produce documents responsive to Plaintiff's First Request for Production No. 3(h) and Second Request for Production No. 7, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure..

## STATEMENT OF FACTS

1. On June 8th, 2024, Plaintiff served Defendant with their First Requests for Production. A certificate of service was attached, indicating personal service via email as agreed upon by the parties. *See Exhibit 1.*

2. Defendant was required to respond to the interrogatories within thirty (30) days of service, making the initial deadline July 8th, 2024.

3. On July 8th, 2024, Defendant submitted Defendant's Response to Plaintiff's First Requests for Production Documents to Plaintiff. *See Exhibit 2.*

4. In Defendant's Response referenced in # 3 of this section, Defendant objected to Plaintiff's RFP No. 3(f) and 3(h). *See Exhibit 2.*

1

5. Plaintiff's RFP No. 3(f) requested "documentation of all other personnel medical accommodation and FMLA requests and the method of which each was handled." *See Exhibit 3.*

6. Plaintiff's RFP No. 3(h) requested "every Data Quality Report for District 16 from December 14th, 2020, to June 1st, 2022." *See Exhibit 3.*

7. Defendant objected to RFP No. 3(f) on the grounds that it is "overly broad and unduly burdensome." *See Exhibit 2.*

8. Defendant objected to RFP No. 3(h) on the grounds that it "seeks to compel the production of personally identifiable information (PII) and protected health information of parties that are not parties to this litigation. Additionally, the Department objects to this request as it seeks documents that are not relevant to any party's claim or defense." *See Exhibit 2.*

9. On August 30, 2024, Plaintiff served Defendant with their Second Requests for Production, which included RFP No. 3(f) and a more specific version of RFP No. 3(h) from Plaintiff's First Requests for Production. These translate to RFPs No. 3(e) and 7 of Plaintiff's Second Request for Production. *See Exhibit 4.*

10. On September 26th, 2024, Defendant served Plaintiff with Defendant's Response to Plaintiff's Second Request for Production Documents. *See Exhibit 5.*

11. In Defendant's Response referenced in # 10 of this section, Defendant objected to Plaintiff's 2nd RFPs 3(e) and 7. *See Exhibit 5.*

12. Defendant objected to both 2nd RFP 3(e) and 7 on the grounds that they were duplicative. *See Exhibit 5.*

2

13. On November 2nd, 2024, Plaintiff emailed Defendant's counsel to address the objected RFPs. Specifically, Plaintiff informed that 2nd RFP No. 3(e) is a document that does not at all include the health information of anyone, nor does it include any more PII than the documents Defendant has already produced in discovery. For 2nd RFP No. 7, Plaintiff reminded Defendant that a protective order has been established and that the medical accommodation records for a similarly situated male employee is, in fact, relevant and essential to Plaintiff's claims. Plaintiff also agreed to allow Defendant to redact all identifying information of the individual other than the type of medical accommodation, date accommodation received, date of original request, method of original request, and the employee's sex. *See Exhibit 6.*

14. On November 4th, 2023, Defendant's counsel responded to the email referenced in # 13 of this section by ensuring that 2nd RFP No. 3(e) is complete, and that they will need to discuss with their client regarding 2nd RFP No. 7. *Exhibit 7.*

15. On November 8th, 2024, Defendant's counsel sent a follow up email to the email referenced in # 13 of this section and informed that they will not be adjusting their objection on 2nd RPF No. 7, and that, additionally, the information requested does not exist. *See Exhibit 8.*

16. On November 9th, 2024, Plaintiff sent an email confirming the RFPs in dispute and explaining, again, that the Data Quality Reports do not contain protected PII or health information. *See Exhibit 9.*

17. On November 18th, 2024, Defendant's counsel responded to the email referenced in # 16 of this section to inform that they will not be adjusting their original stance on 2nd RFP No. 3(e). *See Exhibit 10.*

3

## LEGAL STANDARD

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The scope of discovery is broad, as recognized in *Fulford v. Daughtry*, where the court emphasized that relevance under Rule 26 is construed liberally to encompass any matter that bears on, or reasonably could lead to, the discovery of admissible evidence. See *Fulford v. Daughtry*, No. 4:11–CV–103–FL, 2012 WL 3656532, at *3 (E.D.N.C. Aug. 24, 2012) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The party resisting discovery bears the burden of showing why the requested discovery is not appropriate. This includes providing specific, detailed objections rather than general or conclusory statements. See *Fulford v. Daughtry*, 2012 WL 3656532, at *3 (holding that broad or overly vague objections are insufficient to overcome the liberal discovery standard).

Additionally, courts have recognized the heightened importance of discovery in cases involving claims of discrimination or retaliation. As the *Fulford* court noted, discovery restrictions in Title VII cases or other discrimination claims are "especially frowned upon" because such limitations can prevent a plaintiff from pursuing a theory or cause of action. *Id.* (citing *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682, 684 (4th Cir. 1986)).

**Proportionality Considerations**

Rule 26(b)(1) also requires the court to balance the importance of the discovery sought against the burden or expense of production. In *Fulford*, the court granted in part a motion to compel where the discovery sought was specific, relevant to the claims at issue, and not unduly burdensome. *Id.* at *6-*7. Conversely, discovery requests that are overly broad, untethered to the claims at issue, or duplicative may be denied or limited. *Id.*

**Protective Orders and Confidentiality**

Where concerns about confidentiality or the inclusion of personally identifiable information (PII) arise, courts often resolve these issues through protective orders rather than denying discovery outright. Protective measures, such as redaction or limiting the use of sensitive information to the litigation itself, can adequately balance the requesting party's need for evidence with the producing party's confidentiality concerns. *Fulford*, 2012 WL 3656532, at *7-*8.

## ARGUMENT

**A. Relevance**

**Data Quality Report**

The Data Quality Reports for District 16 from December 14, 2020, to June 1, 2022 (First RFP No. 3(h)), are critical to Plaintiff's claims of disability discrimination, constructive discharge, retaliation, FMLA interference, FMLA discrimination, and hostile work environment. These reports track deficiencies in job-related tasks for employees within a specific district and are generated by the State and distributed monthly to every district within Juvenile Justice Court Services. They are accessible to all employees within the Court Services field and contain no medical or health-related information. The reports are directly relevant because they provide insight into potential disparities in how Defendant documented and handled alleged performance issues across its employees.

Courts have recognized the importance of performance-related records in employment discrimination and retaliation cases, as these documents often reveal patterns of disparate treatment or pretext for adverse employment actions. For example, in *Fulford v. Daughtry*, the

5

court noted that discovery requests designed to uncover comparative evidence or patterns of discriminatory treatment are necessary in discrimination cases. *See Id.* at *6.

Defendant's objections based on irrelevance and the inclusion of personally identifiable information (PII) are unfounded. The requested reports contain no PII beyond what has already been disclosed in this litigation, and any remaining concerns can be addressed through redaction or the existing protective order. Moreover, the reports are proportional to the needs of the case, as they are directly tied to Plaintiff's claims and are crucial for evaluating Defendant's justification for its actions against Plaintiff. These reports will also help establish whether Defendant's claims regarding Plaintiff's alleged performance issues are pretextual, further reinforcing their relevance.

**Medical Accommodation Records**

The medical accommodation records for a similarly situated male employee (Second RFP No. 7) are equally crucial to Plaintiff's claims of sex discrimination, disability discrimination, constructive discharge, retaliation, FMLA interference, FMLA discrimination, and hostile work environment. These records are necessary to determine whether Defendant applied its accommodation policies in a discriminatory manner based on sex or gender-specific disabilities, which is central to Plaintiff's claims.

Courts, including the court in *Fulford*, have recognized that comparative evidence regarding similarly situated employees is critical in cases involving allegations of discrimination. Plaintiff has taken steps to address Defendant's objections by agreeing to accept redacted documents that include only the type of accommodation, relevant dates, the method of request, and the employee's sex. This proposal strikes a fair balance between Plaintiff's right to relevant discovery and Defendant's privacy concerns.

Additionally, Plaintiff has first-hand knowledge that the male employee referenced in the request was formally considered for a medical accommodation during his employment with Defendant. This was confirmed during a phone conversation on November 8, 2024, where the employee explained that Defendant requested medical documentation as part of the accommodation process. This confirmation demonstrates the necessity of the requested records to establish whether Defendant treated similarly situated employees differently based on sex or gender-specific disabilities.

**B. Protective Order**

Defendant's concerns regarding confidentiality and privacy are adequately addressed by the protective order already in place, which ensures that sensitive information is safeguarded. Protective orders are standard in litigation and are designed to facilitate the exchange of information while addressing legitimate confidentiality concerns. In this case, the protective order ensures that any sensitive information disclosed is limited to use in this litigation and cannot be shared beyond its scope.

Moreover, Plaintiff has offered to accept redacted versions of the requested records, further minimizing any potential privacy issues. By agreeing to redact identifying information, Plaintiff has demonstrated a reasonable and cooperative approach to discovery, balancing Defendant's concerns with the critical need for relevant evidence. Defendant's continued reliance on privacy objections, despite these safeguards, is therefore without merit and should not preclude the production of these important documents.

## CONCLUSION

For the foregoing reasons, I respectfully request that this Court grant Plaintiff's Motion to Compel and order Defendant to produce the documents requested in Plaintiffs First Request for

7

Production, No. 3(h) and Second Request for Production, No. 7. As discovery is set to close on December 2nd, 2024, Plaintiff respectfully requests that the Court compel Defendant to produce the requested documents promptly to ensure that Plaintiff has sufficient time to review and incorporate this evidence into her case. Plaintiff has diligently pursued these materials and made every effort to address Defendant's objections without court intervention. Without access to this critical discovery, Plaintiff's ability to prepare her case will be prejudiced. The requested documents are relevant, proportional, and essential to the fair resolution of Plaintiff's claims.

WHEREFORE, Plaintiff prays this Honorable Court for an order:

1. Compelling Defendant to respond to Plaintiff's First Requests for Production, No. 3(h) and Plaintiff's Second Requests for Production, No. 7 within a timeframe deemed reasonable and fair by the Court, and
2. Granting any other relief the Court deems just and proper.

This 20th day of November 2024

Christian Proffitt
1701 H St. NE
Unit 803
Washington, DC 20002
910-583-7680
christian.proffitt62@outlook.com

## RULE 37(a)(1) CERTIFICATION

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, I certify that I have in good faith conferred or attempted to confer with Defendant in an effort to obtain the requested discovery without court action, as detailed in the correspondence attached as Exhibits E and F.

Dated: November 20th, 2024

                                                    Christian Proffitt
1701 H St. NE
Unit 803
Washington, DC 20002
christian.proffitt62@outlook.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00306-M-RN

| | |
|---|---|
| CHRISTIAN PROFFITT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, | ) ) ) |
| Defendant | ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, a copy of **MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION TO COMPEL REQUESTS FOR PRODUCTION** was served upon the following person(s) by **email (as agreed to by the parties)** as follows:

*Joseph P. Vellon* (signed)
Joseph P. Vellon
N.C. Department of Justice
Public Safety Section
114 W. Edenton St.
Raleigh, North Carolina 27603
jvellon@ncdoj.gov
lcarcioppolo@ncdoj.gov

Orlando Luis Rodriguez
N.C. Department of Justice
Special Litigation Section
114 W. Edenton St.
Raleigh, North Carolina 27603
orodriguez@ncdoj.gov

This 20th day of November 2024

*/s/ Christian Proffitt* (signed)

Christian Proffitt
1701 H St. NE
Unit 803
Washington, DC 20002
christian.proffitt62@outlook.com