IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00396-M

**Christian Proffitt,**

        Plaintiff,

v.

**North Carolina Department of Public Safety**,

        Defendant.

**Order**

This matter is before the court on two motions by Defendant North Carolina Department of Public Safety. It first moves the court to issue a protective order to shield it from untimely discovery. D.E. 53. And DPS also requests that the court extend the discovery period to allow it to depose Proffitt. D.E. 55. At a hearing on the motions, the court granted the motion for a protective order and denied the motion to extend the discovery period. This order expands on the court's reasoning.

I.     Background

Christian Proffitt, proceeding pro se, filed suit against the NCDPS (her former employer) alleging violations of the Americans with Disabilities Act, the Family and Medical Leave Act, and Title VII of the Civil Rights Act of 1964. Second Am. Compl, D.E. 36. After the parties submitted their joint Rule 26(f) report, the court issued its Scheduling Order in February 2024. D.E. 33. Among other things, the Scheduling Order directed the parties to make their initial disclosures by the end of the month. *Id.* ¶ 2. And it states that "[a]ll discovery shall be initiated in time to be completed by Monday, December 02, 2024." *Id.* ¶ 3(a).

Related to the discovery matters at issue, Proffitt served DPS a Second Set of Requests for Admissions on November 9, 2024. D.E. 54–1. Although the court allowed almost ten months for discovery, DPS engaged in no discovery for eight months. Not until mid-October did it served its first discovery requests. D.E. 59 at 3. DPS proposed a late-November date for Proffitt's deposition. D.E. 55–1. Proffitt noted conflicts with the holiday as well as her school's exam period. *Id.* So Proffitt proposed alternative dates in November and December. *Id.* The parties eventually settled on December 16, two weeks after discovery closed. *Id.*

II. **Discussion**

A. **Motion for a Protective Order**

DPS seeks a protective order to shield it from Proffitt's untimely and belated discovery requests. Proffitt opposes this request.

Under Rule 26, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

A responding party has 30 days to provide a written response after being served with a request for admissions. Fed. R. Civ. P. 36 (a)(3). And Local Civil Rule 26.1(b) provides that "[a]ll discovery shall be served so as to allow the respondent sufficient time to answer prior to the time when discovery is scheduled to be completed."

Proffitt served her second requests for admission on November 9, 2024. Allowing DPS 30 days to respond—until December 9, 2024—would put the response deadline after the December 2, 2024 discovery deadline.

Although Proffitt served the requests for admission within the discovery period, they did not allow for a response before the discovery deadline. They are thus untimely. *See Ferruccio* v. *Davis*, No. 5:19-CV-346-BO, 2020 WL 6706354, at *3 (E.D.N.C. Nov. 13, 2020); *Patten* v. *Hall*, No. 5:15-CT-3118-FL, 2017 WL 6062258, at *11 (E.D.N.C. Dec. 7, 2017) ("Thus, while a discovery request might be served prior to the close of discovery, it is untimely if it does not allow for a response prior to the discovery deadline."); *Hanson* v. *Owens*, No. 5:14-CT-3078-D, 2015 WL 13214282, at *1 (E.D.N.C. Oct. 16, 2015).

Given the untimeliness of Proffitt's discovery requests, DPS is entitled to the relief it seeks. So the court grants the motion for a protective order (D.E. 53). DPS need not respond to the second set of requests for admission.

**B. Motion to Extend Discovery Period**

DPS also requests that the court extend the December 2, 2024, discovery deadline for the sole purpose of allowing it to depose Proffitt. D.E. 55. Claiming DPS was dilatory in discovery, Proffitt argues that the court should deny its motion. D.E. 59. The court agrees with Proffitt.

The Scheduling Order set the December 2 deadline for discovery. D.E. 33. As noted above, DPS did nothing for the first eight months of discovery. It was not until mid-October, eight months after discovery started, that DPS served its first discovery requests. D.E. 59 at 3. It then proposed a late-November date for her deposition. D.E. 55–1. Proffitt noted conflicts with the holiday as well as her school's exam period. *Id.* So Proffitt proposed alternative dates in November and December. *Id.* The parties eventually settled on December 16, two weeks after discovery closed. *Id.*

It is for the court, not the parties, to determine whether to extend procedural deadlines. *Yomi* v. *Arc of Wash. Cnty., Inc.*, No. CV SAG-22–964, 2023 WL 3995933, at *2 (D. Md. June

3

14, 2023) (citation omitted); *see N.C. Env't Just. Network* v. *Taylor*, No. 4:12-CV-154-D, 2015 WL 1630602, at *8 & n.10 (E.D.N.C. Jan. 14, 2015), *adopted by* 2015 WL 1880200 (Apr. 13, 2015) (rejecting proposition that motion to compel suspended discovery deadline, and noting that "plaintiffs did not ask that the deadlines they sought to extend be suspended pending ruling on their motion to compel[ ]"). "[T]o allow a party to continue with formal discovery . . . after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." *Marvin Lumber & Cedar Co.* v. *PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997).

Rule 16 provides that a scheduling order "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). When considering if a party has met the good cause standard, "the primary consideration is the diligence of the moving party." *Dynatemp Int'l, Inc.* v. *R421A*, LLC, 672 F. Supp. 3d 87, 101 (E.D.N.C. 2023).

DPS did not pursue discovery diligently and thus cannot establish good cause to extend the discovery period. Waiting eight months to pursue discovery, leaving only about six weeks to complete it, is dilatory. And despite its twilight pursuit of discovery, and Proffitt's amenability to earlier deposition dates, DPS was inflexible, proposing only three dates during the week of Thanksgiving, to conduct the deposition within the discovery period. A party must do better than this if it wishes to obtain an extension of the discovery period. The court denies DPS's motion to extend the discovery period (D.E. 55).

### III. Conclusion

The court grants DPS's motions for a protective order (D.E. 53) and denies its motion to extend the discovery period (D.E. 55). Each party must bear their own costs.

Dated: February 21, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge