IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00306-M-RN

**Christian Proffitt**,

    Plaintiff,

v.

**North Carolina Department of Public Safety**,

    Defendant.

**Order**

    Plaintiff Christian Proffitt has asked the court to compel Defendant North Carolina Department of Public Safety to supplement its responses to two of her requests for production of documents. D.E. 56. DPS maintains that one of her requests seeks irrelevant information and that there is nothing to produce in response to the other request. D.E. 59. At a hearing on the matter, the court denied her motion. This order provides further explanation of the court's ruling.

    The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). They provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

    The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery

should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.*

Proffitt initially asks the court to require DPS to provide her with data quality reports (DQRs). According to Proffitt, "[t]hese reports track deficiencies in job-related tasks for employees within a specific district and are generated by the State and distributed monthly to every district within Juvenile Justice Court Services." Mem. in Supp. at 5, D.E. 57. She claims that these reports "are crucial for evaluating [DPS's] justification for its actions against" her because they will show that complaints about her "alleged performance issues are pretextual[.]" *Id.* at 6.

DPS argues that the reports are not relevant to Proffitt's claims. In line with Proffitt's description, it describes the reports as "a tool used by the Department to record, address, and correct mistakes made by employees[.]" Resp. in Opp. at 5, D.E. 60. It says that according to the allegations in the Second Amended Complaint, "her claims of constructive discharge and hostile work environment are not based in any way on her job performance" but "are rooted in the alleged discriminatory treatment she received in relation to a medical accommodation issue." *Id.* at 4. It notes that "there is no record that the Department ever took any type of adverse action against Plaintiff based on her performance during the entire time she was employed by the Department." *Id.* at 5. On top of that, DPS concedes that "the record in this case indicates that Plaintiff was an employee that performed satisfactorily during her time with the Department and that she was never formally reprimanded, counseled, or admonished in any way for her performance." *Id.*

During the hearing, DPS advised that the DQRs do not reference attendance and absences. So the DQRs are unrelated to Proffitt's claims that she was denied medical accommodations or subject to intimidating demeanor by supervisors. And DPS represented to the court that it would not be relying on Proffitt's work performance as a defense given the absence of any performance-

related claims in her Second Amended Complaint. The data quality reports Proffitt seeks are thus irrelevant to this action.[1] So the court denies Proffitt's request to compel production of those reports.

Proffitt also asks the court to require DPS to produce the personnel file of another DPS employee who may have received a medical accommodation, including documents related to the accommodation. DPS initially objected to this request on "privacy, confidentiality, and relevance grounds." Resp. in Opp. at 7. But in its response to Proffitt's motion, it notes that it has "no record of an accommodation" for the employee at issue. *Id.* Given that representation, the contents of the personnel file do not appear to be relevant to the claims and defenses in this case. So the court denies Proffitt's request to compel production of the personnel file.

As discussed above, Proffitt's motion to compel (D.E. 56) is denied. Each party must bear their own costs.

Dated: February 21, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge

---

[1] And based on DPS's position that its defense would not touch on her performance, Proffitt acknowledged the DQRs were irrelevant.